UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 1 WELFARE FUND, TRADE EDUCATION FUND, AND 401(K) SAVINGS PLAN,<br><br>Plaintiffs,<br><br>-against-<br><br>METROPOLITAN SEWER, INC.,<br><br>Defendant. | 22 CV<br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action pursuant to, *inter alia*, Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, an Section 301 of the Labor Management Relations Act "LMRA" of 1947, 29 U.S.C. § 185, by the trustees of a group of multiemployer employee benefit plans to enforce an employer's contractual and statutory obligations to make specified monetary contributions to the plans, and for related relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185 and 1132(e)(2).

## THE PARTIES

4. Plaintiffs Trustees of the Plumbers Local Union No. 1 Welfare Fund, Vacation & Holiday Fund, Trade Education Fund, and 401(k) Savings Plan (collectively, the "Local 1 Funds")

are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with section 302(c) of the LMRA, 29 U.S.C. § 186(c). The Local 1 Funds are employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Funds are administered at 50-02 Fifth Street, Second Floor, Long Island City, New York 11101.

5. Plaintiff Plumbers Local Union No. 1 Welfare Fund is the designated Collection Agent for Local Union No. 1 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (the "Union") and the Plumbing Industry Promotion Fund of New York City. The Union is, and at all relevant times was, a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185. The Union represents, and at all relevant times represented, employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. §§ 142.

6. Defendant Metropolitan Sewer, Inc. ("Metropolitan Sewer") is a domestic business corporation organized and established under the laws of the State of New York duly authorized to conduct business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 602(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. Metropolitan Sewer maintains its principal place of business at 1324 Herschell Street, Bronx, NY 10467.

## STATEMENT OF FACTS

### *The Collective Bargaining Agreement*

7. At all relevant times, Metropolitan Sewer was a party to, and/or manifested its intention to be bound by, a collective bargaining agreement, project labor agreement and/or participation agreement with the Union (the "CBA").

8. Under the CBA, employers agree "to be bound by the provisions of the Trust Agreements pertaining to Pension,…[including the] Plumbers Local Union No. 1 Welfare…Trade Education…401(k) Saving Plan and any other established funds…" (the "Trust Agreements").

9. On December 31, 2019, the Additional Security Benefit Fund ("ASB-C Fund") merged into the Welfare Fund.

10. The Trust Agreements permit the Local 1 Funds to establish policies, rules, and procedures for the purposes of collecting unpaid contributions to the various benefit funds.

11. Each Trust Agreement states that the assets of that plan include "sums of money that have been or will be paid or which are due and owing to the Funds by the Employers as required by the Collective Bargaining Agreements."

12. Pursuant to the Trust Agreements, the Local 1 Funds adopted a Policy for the Collection of Delinquent Fringe Benefit Employer Contributions (the "Fringe Benefit Collection Policy") and a Joint Policy for Collection of Delinquent Employee Contributions and Participant Amounts (the "401(k) Savings Plan Collection Policy," together with the Fringe Benefit Collection Policy, the "Collection Policies").

13. The CBA, Trust Agreements, and Collection Policies require Metropolitan Sewer to make specified hourly contributions to the Local 1 Funds, and to remit Union dues and other specified hourly contributions to the Local 1 Funds and to remit other specified amounts, including

Union dues withheld from its employees pay to the Local 1 Funds in connection in connection with all plumbing work and other specified work performed on behalf of Metropolitan Sewer within the five boroughs of the City of New York ("Covered Work").

14. Under the CBA, Trust Agreements, and Collection Policies, Metropolitan Sewer is required to submit reports to the Local 1 Funds detailing the number of hours of Covered Work performed by its employees ("remittance reports") as well as corresponding benefit contributions to the Funds no later than the 20th day of the month following the end of each calendar month.

15. The CBA, Trust Agreements, and Collection Policies further require Metropolitan Sewer to furnish its books and payroll records when requested by the Local 1 Funds for the purpose of conducting an audit to ensure compliance with its required benefit fund contribution obligations under the CBA.

16. Under the documents and instruments governing the Local 1 Funds including their Trust Agreements and Collection Policies, employers whose contributions are delinquent are liable for the amount of delinquent contributions, interest thereon at an annual rate of ten percent (10%), liquidated damages of twenty percent (20%) of the principal amount due, attorneys' fees, audit fees, and other collection costs.

*The 2016-2021 Audit*

17. Pursuant to the CBA, Trust Agreements, and Collection Policies, the Local 1 Funds Funds conducted an audit of Metropolitan Sewer covering the period January 1, 2016 through December 31, 2021 (the "Audit").

18. The Audit revealed that Metropolitan Sewer failed to remit contributions to the Local 1 Funds in the principal amount of $697,562.40.

19. Per the Collection Policy:

> Upon finalization of the audit report, the auditor will send a letter of the final audit report to the employer. The letter from the auditor will instruct the employer to pay the entire amount of the audit within ten (10) days….
>
> If the employer does not pay the…audit…within thirty (30) days from the date the Employer is notified of the amount due, Legal Counsel shall promptly send a letter to the employer demanding immediate payment of the audit…or face legal proceedings…
>
> If the audit amount is not received within ten (10) days of the date of counsel's letter to the employer…counsel shall recommend…appropriate legal action…[including]…commencement of a lawsuit in Federal court under ERISA…

20. On July 28, 2022, the Funds' auditing firm, Marshall & Moss Payroll Compliance Services, LLC ("Marshall & Moss") transmitted a copy of the final audit report to Metropolitan Sewer, which instructed Metropolitan Sewer to remit payment for the same within ten days of the date of the letter.

21. On August 30, 2022, the Funds' collections counsel transmitted a letter to Metropolitan Sewer demanding payment of the audit within ten (10) days of the date thereof, upon pain of legal action.

22. Despite due demand, Metropolitan Sewer has failed to pay any portion of the Audit.

23. Accordingly, the Funds have satisfied all conditions precedent required by the Collection Policy prior to commencing the instant action.

24. Pursuant to the CBA, the documents and instruments governing the Local 1 Funds, and Section 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185, Metropolitan Sewer is liable to the Local 1 Funds for: (1) contributions of $697,562.40 for the period January 1, 2016 through December 31, 2021 as revealed by the Audit; (2) interest on the unpaid contributions at an annual rate of ten percent (10%); (3) liquidated damages in the amount of twenty percent (20%) of the amount of delinquent

contributions due and owing; and (4) all reasonable attorneys' fees, audit costs, and collections costs incurred by the Plaintiffs.

### FIRST CLAIM FOR RELIEF AGAINST METROPOLITAN SEWER
*Unpaid Contributions Under 29 U.S.C. § 1145*

25. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

26. Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

27. The CBA requires that Metropolitan Sewer make contributions to Plaintiffs for all Covered Work it performs within the trade and geographical jurisdiction of the Union.

28. Pursuant to the Audit, Metropolitan Sewer owes the Local 1 Funds benefit contributions in the amount of $697,562.40 for the period January 1, 2016 through December 31, 2021.

29. Pursuant to the CBA and ERISA sections 502(a)(3), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, Metropolitan Sewer is liable to the Local 1 Funds for: (1) contributions of $697,562.40 for the period January 1, 2016 through December 31, 2021 as revealed by the Audit; (2), interest on the unpaid contributions at an annual rate of ten percent (10%); (3) liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions due and owing; (4) reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and (5) such other legal or equitable relief as the Court deems appropriate.

**SECOND CLAIM FOR RELIEF AGAINST METROPOLITAN SEWER**
*Violation of Collective Bargaining Agreement under 29 U.S.C. § 185*

30. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Plaintiffs, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

32. Metropolitan Sewer violated the terms of the CBA when it failed to make all contributions due and owing for Covered Work revealed by the Audit for the period January 1, 2016 through December 31, 2021.

33. As a result of Metropolitan Sewer's violation, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

i. Award judgment in favor of Plaintiffs and against Defendant Metropolitan Sewer for its failure to timely remit contributions and other related payments required by the CBA for the period January 1, 2016 through December 31, 2021;

ii. On Plaintiffs' First Clam for Relief, order Metropolitan Sewer to pay the Plaintiffs: (1) contributions of $697,562.40 contained in the Audit; (2) interest on the delinquent contributions adjudged to be due and owing at an annual rate of ten percent (10%); and (3) liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions due and owing;

iii. On Plaintiffs Second Claim for Relief, order Metropolitan Sewer to pay Plaintiffs: (1) contributions of $697,562.40 contained in the Audit; (2) interest on the delinquent contributions adjudged to be due and owing at an annual rate of ten

    percent (10%); and (3) liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions due and owing;

  iv.  Order Metropolitan Sewer to pay Plaintiffs: (1) reasonable attorneys' fees and costs incurred by Plaintiffs in this action;

  v.  Award Plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York  
       October 3, 2022

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By:    /s/
Adrianna R. Grancio, Esq.  
Charles R. Virginia, Esq.  
40 Broad Street, 7th Floor  
New York, NY 10004  
Tel: (212) 943-9080  
agrancio@vandallp.com  
*Attorneys for Plaintiffs*